IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v.   ) | Criminal Action No. 16-13-SRF |
| ) | |
| ROOS FOODS, INC.   ) | |
| ) | |
| Defendant.   ) | |

*Filed in open Court 3/3/16*

FILED

MAR − 3 2015

U.S. DISTRICT COURT DISTRICT OF DELAWARE

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Charles M. Oberly, III, United States Attorney for the District of Delaware, and Edmond Falgowski, Assistant United States Attorney, and Edmund Lyons, Jr., Esquire, attorney for the defendant, Roos Foods, Inc., the following agreement is hereby entered into by the respective parties:

1.  The defendant agrees plead guilty to a misdemeanor Information charging it with introducing adulterated products (here, cheese products) into interstate commerce, in violation of Title 21, United States Code, Sections 331(a) and 333 (a)(1). The maximum penalties for this offense are as follows: a fine of $200,000, or twice the gross gain or gross loss, whichever is greater; a special assessment of $125; restitution as ordered by the Court; and a five-year term of Court supervision.

2.  The defendant understands that if it were to proceed to trial on Count I, the government would have to prove each of the following elements of the offense beyond a reasonable doubt: (1) that the cheese products are "food" as defined by the Food Drug and Cosmetic Act, 21 U.S.C. Section 321(f)(1) and (3); (2) that the cheese products manufactured by the defendant were adulterated within the meaning of 21 U.S.C. Section 342(a)(3) in that the products had been

manufactured under such conditions that they were unfit for food; and (3) that the cheese products manufactured by the defendant were introduced into interstate commerce. The defendant knowingly, voluntarily and intelligently admits that it is in fact guilty of the foregoing offense.

3.  The defendant agrees to pay a fine of $100,000. The defendant and government agree that the payment of this fine will be accomplished and satisfied by the defendant arranging for the United States to receive, on the day of sentencing, a lien in the amount of $100,000 on the real property from which the defendant operated during the period referenced in the Information, specifically: (1) 251 Roos Lane, Kenton, Delaware 19955; (2) 234 Roos Lane, Kenton, Delaware 19955; (3) 172 Cooper Street, Kenton, Delaware 19955; and (4) Cooper Street, Kenton, Delaware. 19955, all described more particularly as PARCELS NOS. 1-4 in the attached LEGAL DESCRIPTION OF REAL PROPERTY.

4.  The defendant agrees to pay the $125.00 special assessment at the time of sentencing.

5.  In order to facilitate the collection of financial obligations, including any fine, to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which it has any interest or over which it exercises control, directly or indirectly; including those assets held by a successor, nominee, or other third party. No later than two (2) weeks subsequent to the entry of the guilty plea in this case, the defendant will submit a completed sworn financial statement ("Financial Statement") to the government, through the defendant's undersigned counsel, in the form the government provides and as it directs. No later than two (2) weeks prior to the sentencing hearing in this case, the defendant will provide to the government, through the defendant's undersigned counsel, any supporting documentation in the defendant's possession, custody, or control (including banking and brokerage records) for the disclosures set forth in the Financial Statement, as directed by counsel for the government. The defendant promises that its

Financial Statement, disclosures, and supporting documentation will be complete, accurate, timely, and truthful. Should the defendant fail to disclose an asset with a value more than $1,000 in its Financial Statement, the defendant agrees that it forfeits any right to that asset and the government may take that asset in full or partial satisfaction of its fine and/or restitution obligations.

6. The defendant agrees to forfeit any and all interests in property constituting or derived from proceeds obtained directly or indirectly as a result of the violation alleged in Count One of the Information ("the Property"). In this regard, the government agrees that excluded from such Property subject to forfeiture under this Paragraph is the real property specified above in Paragraph 3. The defendant agrees to waive any and all interests in any such Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such Property and waives the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that it understands that forfeiture of the Property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case, and the defendant waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of forfeiture becoming final as to the defendant before sentencing if requested by the government to do so.

7. Defendant represents that it is authorized to enter into this agreement and to bind itself and its subsidiaries to its terms. At the time of signing this agreement, the Defendant shall provide to the United States a written statement in the form of notarized legal document certifying that Defendant is authorized to enter into and comply with all of the provisions of this Agreement.

3

The resolution further shall certify that the Defendant's Board of Directors has authorized these actions, and that all corporate formalities for such authorizations have been observed.

8. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

_____
Edmund Lyons, Esquire
Attorney for Defendant

_____
On Behalf of Defendant
Roos Foods, Inc.

Dated: FEB 22, 2016

CHARLES M. OBERLY, III
United States Attorney

By: _____
Edmond Falgowski
Assistant United States Attorney

_____
Heide L. Herrmann, Trial Attorney
Consumer Protection Branch
U.S. Department of Justice

**AND NOW, this 3rd day of March, 2016, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.**

_____
HONORABLE SHERRY R. FALLON
United States Magistrate Judge

4

## LEGAL DESCRIPTION OF REAL PROPERTY

PARCEL NO. 1

ALL that certain lot, piece or parcel of land situate to Kenton Hundred, Kent County and State of Delaware, known as Lot 1 on a Subdivision on Plan entitled "KALB SUBDIVISION", prepared by McCann, Inc., P.L.S., dated 2/21/95, and being more particularly bounded and described as follows, to-wit:

BEGINNING at a set iron pipe, said pipe being 160+/- feet from a corner in said Cooper Street, said pipe also being a corner for this Lot and Lot 2 of Kalb Subdivision, said pipe also being the point of Beginning. Thence leaving Lot 2 and following in part the northeasterly right-of-way of Cooper Street and following in part lands now or formerly of Hector Roos, (1) North 42° 28' 19" West, 333.47 feet to a found concrete marker, said marker being a corner for this lot, lands now or formerly of said Roos and in line of lands now or formerly of Conrail Railroad; thence leaving lands now or formerly of said Roos and following lands now or formerly of said Conrail, (2) North 39° 23' 59" East, 473.71 feet to a set iron pipe, said iron pipe being a corner for this Lot, Lot 2 and in line of lands now or formerly of said Conrail; thence leaving lands now or formerly of said Conrail and following Lot 2, (3) South 50' 36' 01" East, 299.86 feet to a set iron pipe, said pipe being another corner for this Lot and Lot 2; thence turning and continuing with Lot 2, (4) South 36° 04' 29" West, 521.74 feet to a set iron pipe on the northeasterly right-of-way of Cooper Street, said iron pipe being another corner for this Lot and Lot 2, said pipe also being home, point of Beginning. Containing within sold Metes and bounds, 3.58+/- acres.

Being all that real property described in a Deed dated March 6, 1995 from Francis O. Kalb and Maria Kalb to Hector Roos and Ana Roos, his wife, and recorded at the Recorder of Deeds in and for Kent County at Book 119, page 131.

PARCEL NO. 2

ALL that certain lot, piece or parcel of land situate partly in the Town of Kenton and partly in Kenton Hundred, Kent County and State of Delaware, and being more particularly bounded and described in a recent lot survey by McCann. Inc., dated December 4, 1997 follows to wit:

COMMENCING at an iron pipe found on the easterly right-of-way of Cooper Street and being a corner for this lot and lot 1, said point being 160'+/- southerly from the centerline of Railroad Ave. and said point also being known as the Point of Beginning: thence leaving said Cooper Street and following this lot and said Lot 1 the following two courses and distances (1) North 36 deg. 04 min. 29 sec. East, 521.74 feet to a found iron pipe, thence continuing (2) North 50 deg. 36 min. 01 sec. West, 299.86 feet to a set iron pipe, said pipe being a corner for this Lot said Lot 1 and on line of lands of Conrad: thence leaving said Lot 1 and following this lot and said lands of Conrail (3) North 39 deg. 23 min. 59 sec. East, 400.00 feet to a set iron pipe, said iron pipe being a corner for this lot, on line of said lands of Conrail and a corner for Lot 3: thence leaving

said lands of Conrail and following this lot and said Lot 3, the following two courses and distances (4) South 50 deg. 36 min. 01 sec. East, 374.69 feet to set iron pipe: thence continuing (5) South 36 deg. 02 min. 58 sec. West, 936.64 feet to a set iron pipe, said set iron pipe being a corner for this lot, said Lot 3 and being on the easterly right-of-way of aforementioned Cooper Street, thence leaving said Lot 3 and following this lot and said easterly right-of-way of aforementioned Cooper Street (6) North 42 deg. 28 min. 19 sec. West, 100.32 feet to afound iron pipe, and said found iron pipe also being Home, The Point Beginning. Said lot having six (6) sides and containing 4.74 acres of lands, being same more or less.

Being all that real property described in a Deed dated December 10, 1997 from Francis O. Kalb and Maria S. Kalb to Hector W. Roos and Ana A. Roos, his wife, and recorded at the Recorder of Deeds in and for Kent County at Book 242, page 310.

PARCEL NOS. 3 & 4

ALL those two (2) certain lots or parcels of land in the Town of Kenton, Kenton Hundred, Kent County and State of Delaware, together with all of the improvements erected thereon, as follows to-wit:

PARCEL NO. 3

All that certain lot, piece and parcel of /and in the Town of Kenton, Kenton Hundred, Kent County and State of Delaware, lying on the northeast side of Commerce Street, a 50 ft. wide street, and being more particularly described as follows, to-wit:

BEGINNING at a point on the northeast right of way line of the aforesaid Commerce Street, where it intersects with the. southeast right of way line of Railroad Avenue, said point being South 50 degrees 38 minutes 30 seconds East, 30.02 ft. from the northwest side of Railroad Avenue, which said right of way line runs parallel to and 33 ft. southeast of the center line of the Pennsylvania Railroad; thence with the southeast right of way line of Railroad Avenue North 37 degrees 30 minutes East 154.14 ft. to a 30 ft. wide public road, Railroad Avenue; thence with the said Railroad Avenue South 45 degrees 00 minutes 43 seconds East, 80.88 ft. to land reputed to be now or formerly of James Glenn Virden; thence with lands of said Virden South 39 degrees 11 minutes 30 seconds West, 147.38 ft. to the northeast right of way fine of the aforesaid Commerce Street; thence with said right of way line the two following courses and distances: (1) on a curve with a radius of 1935.08 ft. an arc distance of 69.86 ft. and (2) North 50 degrees 38 minutes 30 seconds West, 6.07 ft. to the point and place of beginning; and containing within said metes and bounds 0.270 acres, more or less.

PARCEL NO. 4

ALL that certain lot, piece, and parcel of land in the Town of Kenton, Kenton Hundred, Kent County and State of Delaware, lying at the northeast end of Railroad Avenue and being more particularly described as follows, to-wit:

BEGINNING at a point on the northwest right of way of Railroad Avenue, which right of way line runs parallel to and 33 ft. southeast of the center line of the Pennsylvania Railroad; thence with lands now or formerly the Pennsylvania Railroad, North 37 degrees 30 Minutes East, 150.49 feet to lands reputed to be now or formerly of Edward Hughes; thence with lands of said Hughes South 44 degrees 25 minutes East, 174.95 feet to the northeast right of way line of Cooper Street; thence with Cooper Street and a public 30 ft. wide road, Railroad Avenue, the two following courses and distances (1) South 45 degrees 42 minutes 20 seconds West, 147.40 feet and (2) North 45 degrees 00 minutes 43 seconds West, 153.48 feet to the point and place of beginning and containing within said metes and bounds 0.559 acres, more or less.

Being all that real property described in a Deed dated March 2, 1989 from Joseph Beckenstrater, Jr. to Hector Roos and Ana Moises and recorded at the Recorder of Deeds in and for Kent County at Book 46, page 349 and in a Deed dated March 8, 2002 from Ana A. Roos, Personal Representative, Estate of Hector W. Roos to Ana A. Roos and recorded at the Recorder of Deeds in and for Kent County at Book 471, page 231.

Tax Parcel Numbers:

3-12-044.08-01-02.00-000
3-12-044.08-01-01.00-000
3-12-044.00-01-05.00-000
3-12-044.00-01-06.00-000

Property Addresses:

251 Roos Lane, Kenton, Delaware, 19955
234 Roos Lane, Kenton, Delaware, 19955
172 Cooper Street, Kenton, Delaware, 19955
Cooper Street, Kenton, Delaware, 19955